

**FILED**
**JUNE 14, 2021**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY OMAR HANKINS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-01066 (UNA) |
| ) | |
| STATE OF NORTH CAROLINA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The plaintiff filed this suit on April 18, 2021 against 40 defendants, including the State of North Carolina, the N.C. Court of Appeals, the N.C. State Bar Association, the governor, lieutenant governor, attorney general, several state court judges and state officers, and a number of private defendants including Suntrust Bank, Bank of America, and Whole Foods Market. *See* Compl., Dkt. 1. On June 1, 2021, the plaintiff filed a first amended complaint against the defendants, *see* Dkt. 7, and on June 10, 2021, the plaintiff filed a second amended complaint, *see* Dkt. 9.

Crediting all inferences to the plaintiff and liberally construing the complaint, the plaintiff asserts a claim under 42 U.S.C. § 1983 for alleged violations of his rights under the U.S. Constitution. The plaintiff's claims pertain to events leading up to and including divorce proceedings before North Carolina state courts and a resulting Distribution Order, *see* Compl. Dkt. 1, Ex. 20, that disposed of marital assets, including real property. He seeks an order barring enforcement of the Distribution Order.

This Court lacks jurisdiction to provide the plaintiff's requested relief. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal Courts are courts of limited

jurisdiction. They possess only that power authorized by Constitution and statute."); *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008) ("It is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*."). As a general rule, a federal district court lacks jurisdiction to review the decisions of other courts. *See, e.g., Petrovic v. United States*, No. 1:19-CV-00482, 2019 WL 1746301, at *2 (D.D.C. Apr. 17, 2019); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust* Co., 263 U.S. 413, 415, 416 (1923); *see also Prentice v. U.S. Dist. Court for E. Dist. of Mich.*, 307 F. App'x 460, 460 (D.C. Cir. 2008) (per curiam) ("[B]ecause a challenge to a state court action must proceed through that state's system of appellate review rather than through a federal district court, the district court properly determined it lack jurisdiction to review action taken by a . . . state court." (citations omitted)). Here, if this Court were to entertain the plaintiff's claims, it would necessarily need to review and overturn rulings of a North Carolina court over which it lacks jurisdiction.

    As a result, the Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint without prejudice for lack of subject matter jurisdiction.[1] An Order is issued separately.

DATE: June 14, 2021

*Dabney L. Friedrich*
DABNEY L. FRIEDRICH
United States District Judge

---

[1] The plaintiff's motion for a temporary restraining order and for a permanent injunction, Dkt. 5, is dismissed as moot.